UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE Ronald Resnik, debtor. ) | Case No.: 15−31527 |
| ) | |
| RONALD RESNIK, plaintiff, ) | Chapter 7 |
| ) | |
| v. ) | |
| ) | Adv. Proc. No.: _____ |
| ANDREW MOORE, defendant. ) | |

**COMPLAINT SEEKING TURNOVER OF PROPERTY
PURSUANT TO 11 U.S.C. § 542**

1. Plaintiff is the Debtor in the above-captioned chapter 7 case. This Court thus has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(E).

2. Certain of Plaintiff's exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit, a 2006 Volvo S60 with Minnesota Vehicle Identification Number YV1RH592962502451, an automobile in which debtor has an interest, is in the possession of Defendant, or Defendant's agent. Defendant is a judgment creditor of Debtor and on or about April 2, 2015 obtained possession of the exempt property by execution on the judgment and against the exempt property. This transfer occurred within the 90 day preference period and is avoidable. 11 U.S.C. § 547 (b).

3. At the time his petition was filed, Debtor gave notice of the filing to Defendant, a copy of which is attached hereto as Exhibit A.

4. Upon receipt of this notice, Defendant was required pursuant to 11 U.S.C. § 542, to turn over this exempt property to the trustee in this case.

5. The trustee has not acted to recover this exempt property of the Debtor. The trustee does not intend to object to the Debtor's exemption claim as to the aforestated exempt property.

6. Under 11 U.S.C. § 522(f), the Debtor is entitled to avoidance of the judicial lien and the transfer of the exempt property. The trustee and Debtor are entitled to possession of all property of the estate. The exempt property is not otherwise encumbered by any lien, pledge or other obligation.

7. Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. § 542.

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant forthwith to turn over Debtor's automobile to the trustee or the Debtor;

b. Order that Defendant is in contempt of Court for violating 11 U.S.C. §§ 362 and 542;

c. Award Plaintiff. Pursuant to 11 U.S.C. §§ 105(a) and 362(k) damages, reasonable attorney fees, costs, and punitive damages for this complaint; and

d. Order such other relief as is just and proper.

LANNERS & OLSON, P.A.
ATTORNEYS AT LAW

Dated: 5/1//2015

/e/David C. Olson
David C. Olson, #169055
Attorney for Debtor
12805 Highway 55, Suite 102
Plymouth, MN  55441
(763) 550-9892